1 | Paul Caleo, State Bar No. 153925
2 | Aimee Hamoy-Perera, State Bar No. 221228
  | BURNHAM BROWN
  | A Professional Law Corporation
3 | P.O. Box 119
  | Oakland, California 94604
4 |
5 | 1901 Harrison Street, 14th Floor
  | Oakland, California 94612
  | Telephone: (510) 444-6800
6 | Facsimile: (510) 835-6666
7 | Attorneys for Defendant
  | HOME DEPOT U.S.A., INC. (Erroneously sued
8 | herein as THE HOME DEPOT U.S.A., INC.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT VAN TASSELL, | No. 2:12-cv-12-9500-JGB (JCGx) |
| Plaintiff, | **DEFENDANT HOME DEPOT U.S.A., INC.'S CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| THE HOME DEPOT U.S.A., INC., DOES 1-25, inclusive, | |
| Defendants. | ᵼᵼᴱ CHANGES MADE BY THE COURT. |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS

as follows:

### Designation of Confidential Information

1. *Designation of Material.* Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days

1  after receipt of the deposition transcript, and the testimony taken and the transcript
2  of such deposition or portion thereof shall be designated as Confidential.

3    4.   *Modification of Designation.*   The designation of Confidential
4  Information by the producing party shall not be determinative and may be
5  modified or eliminated at any time in one of two ways, as explained below.

6    (a)   The producing party may agree in writing to downgrade or
7          eliminate the Confidential designation concerning any material it
8          produced.

9    (b)   If the parties cannot agree as to the designation of any particular
10         information or material after good faith discussion, the receiving
11         party may move the Court to downgrade or eliminate the
12         "Confidential" designation.   The burden of proving that the
13         information has been properly designated as protected shall be on
14         the party who made the original designation.

15              **Access to Confidential Information**

16    1.   *General Access.*   Except as otherwise expressly provided herein or
17  ordered by the Court, Confidential Information may be revealed only as follows:

18    (a)   To outside counsel for a party hereto (and secretaries, paralegals,
19          and other staff employed in the offices of such outside counsel
20          who are working on the litigation), provided that outside counsel
21          who are not of record must first sign and deliver to counsel of
22          record for each other party or parties a letter in the form of Exhibit
23          A hereto.

24    (b)   To the parties after they have been given a copy of this
25          Confidentiality Stipulation by their outside counsel and signed a
26          letter in the form of Exhibit A.

27    (c)   To court reporters transcribing a deposition, hearing, or other
28          proceeding in this matter who sign Exhibit A attached hereto

3

1    (excluding court-appointed court reporters).

2    (d)    To independent experts and independent consultants (meaning a
3           person who is not an employee, officer, director, or owner in any
4           capacity of a party and who is retained by a party or a party's
5           outside counsel in good faith for the purpose of assisting in this
6           litigation) who sign Exhibit A attached hereto.

7    Nothing herein shall prevent the producing party from showing the
8    documents or information to an employee of that party.

9    2.    *No Copies/Notes.*   Except for internal use by outside counsel for the
10   parties hereto, for Court and deposition copies, and for such use as is expressly
11   permitted under the terms hereof, no person granted access to Confidential
12   Information shall make copies, reproductions, transcripts, or facsimiles of the same
13   or any portion thereof or shall take notes or otherwise summarize the contents of
14   such Confidential Information.

15   3.    *Disputes over Access.*   If a dispute arises as to whether a particular
16   person should be granted access to Confidential Information, the party seeking
17   disclosure may move the Court to permit the disclosure and must obtain an order
18   of the Court before disclosing the information.

19   **Use of Confidential Information**

20   1.    *Use in this Litigation Only.*   Confidential Information may be used
21   only for purposes of this litigation. Each person to whom the disclosure of any
22   Confidential Information is made shall not, directly or indirectly, use, disclose, or
23   disseminate, or attempt to use, disclose, or disseminate, any of the same except as
24   expressly provided herein.

25   2.    *Use at Depositions.*   If Confidential Information is to be discussed or
26   disclosed during a deposition, the producing party shall have the right to exclude
27   from attendance at the deposition, during the time the Confidential Information is
28   to be discussed, any person not entitled under this Order to receive the

4

1   Confidential Information. *The parties shall take the matter up with*

2       3.   *Use at Court Hearings and Trial.*  Subject to California's Rules of

*the presiding bench officer.*

3   Evidence, Confidential Information may be offered into evidence at trial or at any

4   hearing or oral argument, provided that the proponent of the evidence containing

5   Confidential Information gives reasonable advance notice to the Court and counsel

6   for the producing or designating party.   Any party may move the Court for an

7   order that the evidence be received in camera or under other conditions to prevent

8   unnecessary disclosure.   If presented at trial, the status of evidence as Confidential

9   Information shall not be disclosed to the finder of fact.

10      4.   *Filing Under Seal.*  Each document filed with the Court that contains

11  any Confidential Information shall be filed in a sealed envelope or other

12  appropriate sealed container on which shall be set forth the title and number of this

13  action, a general description or title of the contents of the envelope, and a

14  statement that the contents are Confidential and subject to a Protective Order and

15  that the envelope is not to be opened nor the contents thereof revealed except to

16  counsel of record in the litigation or court personnel, or pursuant to order of the

17  Court.  Copies of such documents served on counsel for other parties shall be

18  marked as Confidential.   *The parties shall comply w/ L.R. 79-5.*

19      5.   *Reasonable Precautions.*   Counsel for each party shall take all

20  reasonable precautions to prevent unauthorized or inadvertent disclosure of any

21  Confidential Information.

22      6.   *Return After Litigation.*   Within thirty (30) days of the final

23  termination of this litigation by judgment, appeal, settlement, or otherwise, or

24  sooner if so ordered by the Court, counsel for each party shall return to counsel for

25  the party who furnished the same all items constituting, containing, or reflecting

26  the other party's Confidential Information.

27  ///

28  ///

5

## Other Provisions

1.   *Not an Admission.*   Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information.  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

2.   *Miscellaneous.*   This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.  This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

6

The parties having stipulated and agreed hereto, it is SO ORDERED, this

_____15_____ day of _____November_____, 2013.

_____
JUDGE OF THE DISTRICT COURT

SO STIPULATED AND AGREED:

DATED: _____11/13/13_____                    BURNHAM BROWN

By_____
AIMEE HAMOY-PERERA
Attorneys for Defendant
HOME DEPOT U.S.A., INC. (Erroneously
sued herein as THE HOME DEPOT U.S.A.,
INC.)

DATED: _____              LAW OFFICE OF BALL & YORKE

By_____
ALLAN R. BALL
Attorneys for Plaintiff
SCOTT VAN TASSELL

4828-0847-3109, v. 1

DEFENDANT HOME DEPOT U.S.A., INC.'S
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

No. 2:12-cv-12-9500-JGB
(JCGx)

The parties having stipulated and agreed hereto, it is SO ORDERED, this
_____ day of_____, 2013.

_____
JUDGE OF THE DISTRICT COURT

SO STIPULATED AND AGREED:

DATED: _____          BURNHAM BROWN

By_____
AIMEE HAMOY-PERERA
Attorneys for Defendant
HOME DEPOT U.S.A., INC. (Erroneously
sued herein as THE HOME DEPOT U.S.A.,
INC.)

DATED: 9/5/2013          LAW OFFICE OF BALL & YORKE

By_____
ALLAN R. BALL
Attorneys for Plaintiff
SCOTT VAN TASSELL

4828-0847-3109, v. 1

7

DEFENDANT HOME DEPOT U.S.A., INC.'S
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

No. 2:12-cv-12-9500-JGB
(JCGx)

| | | |
|---|---|---|
| 1 | SCOTT VAN TASSELL, | ) |
| 2 | | ) |
| | Plaintiff, | ) United States District Court, |
| 3 | | ) Central District of California |
| | v. | ) Case 2:12-cv-09500-JGB (JCGx) |
| 4 | | ) |
| | HOME DEPOT U.S.A., INC., et al. | ) |
| 5 | | ) |
| 6 | Defendants. | ) |
| 7 | | ) |

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION COVERED BY**

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of_____, 2013.

_____
Name

_____
Address

_____
Employer

_____
Job Title

4828-0847-3109, v. 1

8